IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| (1) LXE COUNSELING, LLC, (2) LEXIE BATCHELOR, and (3) CHAZ AVERY COOK, | ) ) ) ) |
| Defendants. | ) ) ) ) |

CIV- 17-284-M

## COMPLAINT

The United States of America, by and through the United States Attorney for the Western District of Oklahoma, Mark A. Yancey, and Assistant United States Attorney, Wilson D. McGarry, alleges upon information and belief as follows:

## NATURE OF ACTION

1. This is a civil action brought by the United States pursuant to the Fair Debt Collection Procedures Act, 28 U.S.C. §§ 3301-3308, (the "FDCPA") and the Oklahoma Uniform Fraudulent Transfer Act, Okla. Stat. tit. 24, §§ 112-123, (the "OFTA") against the Defendants LXE Counseling, LLC ("LXE"), Lexie Batchelor ("Batchelor"), and Chaz Avery Cook ("Cook") (collectively, "Defendants"), to set aside, as a fraudulent conveyance, the conveyance of real property located at the NW ¼ of SE ¼ of Section 7, Township 3 South, Range 13 East, Atoka County, State of Oklahoma, commonly known as 552 SW McGee Creek Road (the "Property"), by LXE and Batchelor to Cook and seek judgment from this Court to the extent necessary to satisfy the debt owed to the United

States by LXE and Batchelor arising from the Stipulated Consent Judgment (Doc. 68) entered in *United States, ex rel., Pittman, et al. v. LXE Counseling, LLC, et al.*, Case No. CIV-13-1129-R (W.D. Okla. filed Oct. 22, 2013) (hereinafter, "*LXE Counseling*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because LXE and Batchelor entered into a Stipulated Consent Judgment in the Western District of Oklahoma in the amount of $4,752,101.50. *LXE Counseling,* Docket Sheet, Doc. 68. The Stipulated Consent Judgment is based on events or omissions that occurred in the Western District of Oklahoma. LXE maintains an Oklahoma City office from which it allegedly provided behavioral health services for which Medicaid claims were submitted and paid by the Oklahoma Health Care Authority located in Oklahoma City.

## THE PARTIES

4. Plaintiff is the United States of America.

5. Defendant LXE is a limited liability company registered in the State of Oklahoma that holds itself out as providing behavioral and mental health counseling. According to its website, LXE maintains six offices in the State of Oklahoma, including one in Oklahoma City, from which it provides behavioral health services to Medicaid members.

6. Defendant Batchelor is the owner and CEO of LXE.

7. Defendant, Chaz Avery Cook, is the grandson of Batchelor. He is a student at Oklahoma State University.

## FACTUAL BACKGROUND

8. On October 22, 2013, a *qui tam* complaint was filed under seal pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3731, against LXE, Batchelor, and others. *LXE Counseling,* Docket Sheet, Doc. 1, at 1-3.

9. On October 5, 2015, the United States filed its Notice of Election to Intervene in the *qui tam* case. *LXE Counseling,* Docket Sheet, Doc. 15.

10. On November 5, 2015, the United States and State of Oklahoma filed its joint Complaint alleging violations of the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, the Oklahoma Medicaid False Claims Act, Okla. Stat. tit. 63, §§ 5053, *et seq.*, and the Oklahoma Medicaid Program Integrity Act, Okla. Stat. tit. 56, §§ 1001, *et seq. LXE Counseling*, Docket Sheet, Doc. 32.

11. LXE and Batchelor were aware of the Complaint and were represented by counsel from November 24, 2015, through September 15, 2016. *LXE Counseling,* Docket Sheet, Doc. 35, 36 and 75.

12. On July 29, 2016, the Court entered a Stipulated Consent Judgment against LXE and Batchelor, as agreed to and signed by the parties, including Batchelor and her counsel. *LXE Counseling,* Docket Sheet, Doc. 68.

13. According to the Stipulated Consent Judgment, LXE and Batchelor admitted to numerous violations of the False Claims Act, the Oklahoma Medicaid False Claims Act, and the Oklahoma Medicaid Program Integrity Act. *LXE Counseling,* Docket Sheet, Doc. 68, at pp. 3-5. Based on these admissions, the Court entered judgment against LXE and Batchelor, jointly and severally, for treble damages in the amount of $4,631,101.50,

penalties in the amount of $121,000.00, and interest accruing at the rate allowed by law until paid. *Id.* at p. 6.

14.     As of February 10, 2017, a debt of $4,578,204.33 remains unpaid and due and owing from LXE and Batchelor.

**Purchase and Conveyance of 552 SW McGee Creek Road**

15.     On or about October 10, 2013, Michael G. Miller, Cleta Miller, and Jeffrey L. Armstrong executed a Warranty Deed conveying the Property to LXE Counseling, LLC, for the sum of $310,000.00. Exhibit 1, *Warranty Deed Dated October 10, 2013*.

16.     On July 8, 2016, Batchelor executed a Quit Claim Deed attempting to convey the Property to Cook, her grandson, for $1.00 as a "family transfer." Exhibit 2, *Quit Claim Deed Dated July 8, 2016*. Batchelor's transfer was with knowledge of the United States' allegations of fraud in the Complaint filed on November 5, 2015, as she was represented by counsel in that case from November 24, 2015, through September 15, 2016, and the transfer occurred only three weeks before the Court entered the Stipulated Consent Judgment against LXE and Batchelor.

17.     On July 25, 2016, LXE and Batchelor executed a Corrected Quit Claim Deed ("Corrected Deed") conveying the Property to Cook for $10.00. Exhibit 3, *Corrected Quit Claim Deed Dated July 25, 2016*. Batchelor's transfer was with knowledge that a judgment was to be entered against her in *LXE Counseling*, as the Corrected Deed was executed on the same day as the submission of the Joint Motion for Order for Entry of Stipulated Consent Judgment, which was approved and jointly submitted by Batchelor's counsel and

the United States, and four days before the Court entered the Stipulated Consent Judgment. *LXE Counseling Docket Sheet,* Doc. 67 and 68.

## THE FAIR DEBT COLLECTION PROCEDURES ACT

18. The FDCPA provides the exclusive civil procedures for the United States to recover a judgment on a debt. 28 U.S.C. § 3001.

19. The FDCPA provides that the United States may obtain avoidance of a transfer or obligation, a remedy under the FDCPA against the transferred asset, or any other relief the circumstances require when a transfer is fraudulent as to a debt to the United States. 28 U.S.C. § 3306(a).

20. Pursuant to the FDCPA, a transfer is fraudulent as to a debt to the United States which arises before the transfer is made if "the debtor makes the transfer or incurs the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and the debtor is insolvent at that time or the debtor becomes insolvent as a result of the transfer." 28 U.S.C. § 3304(a)(1).

21. Pursuant to the FDCPA:

> a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether such debt arises before or after the transfer is made or the obligation is incurred, if the debtor makes the transfer or incurs the obligation—
>
> (A) with actual intent to hinder, delay, or defraud a creditor; or
>
> (B) without receiving a reasonably equivalent value in exchange for the transfer or obligation if the debtor –
> …

5

  (ii) intended to incur, or believed or reasonably should have believe that he would incur, debts beyond his ability to pay as they became due.

28 U.S.C. § 3304(b)(1).

22. Under the FDCA, the Stipulated Consent Judgment described in Paragraph 12 against LXE and Batchelor and in favor of the United States is a debt arising after the transfer of the Property described in Paragraph 15. 28 U.S.C. § 3002(3).

23. The United States is a creditor of LXE and Batchelor, as defined by 28 U.S.C. § 3301(4).

## THE OKLAHOMA UNIFORM FRAUDULENT TRANSFER ACT

24. The OFTA provides that a creditor may obtain avoidance of a transfer or obligation, an attachment or provisional against the asset transferred, an injunction against further disposition by the debtor or transferee, or both, of the asset transferred, or any other relief the circumstances may require. Okla. Stat. tit. 24, § 119(A). If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds. Okla. Stat. tit. 24, § 119(B).

25. Under the OFTA,

  A. A transfer made or obligation incurred by a debtor is fraudulent to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

    1. with actual intent to hinder, delay, or defraud any creditor of the debtor, or

    2. without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor:

> …
>
>> b. intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

Okla. Stat. tit. 24, § 116(A).

26. The Stipulated Consent Judgment is a claim as defined by the OFTA. Okla. Stat. tit. 24, § 113.

27. LXE and Batchelor are debtors, as defined by the OFTA, liable on the claim described in Paragraph 28. Okla. Stat. tit. 24, § 113.

28. The United States is a creditor, as defined by the OFTA, who has the claim described in Paragraph 28. *Id.*

29. Under the OFTA, the United States is a creditor of LXE and Batchelor due to the claim described in Paragraph 28.

## COUNT I: ACTUAL FRAUD UNDER THE FDCPA
## 28 U.S.C. §§ 3304(b)(1)(A) and 3306

30. The United States incorporates by this reference the above Paragraphs 1 through 31 as if fully set forth herein.

31. The transfers described in Paragraphs 16 and 17 were fraudulent to the United States in that the transfers were made with actual intent to hinder, delay, or defraud a debt to the United States. 28 U.S.C. § 3304(b)(1)(A).

32. The transfers described in Paragraphs 16 and 17 were to an insider, who is not a good faith purchaser for a fair market value.

33. Before the transfers described in Paragraphs 16 and 17 were made or obligation was incurred, LXE and Batchelor had been sued or threatened with suit. In fact, Batchelor's knowledge was demonstrated when she:

34. Executed a Quit Claim Deed attempting to convey the Property to Cook, her grandson, for $1.00 as a "family transfer" on July 8, 2016, despite having knowledge of the United States' allegations of fraud in the Complaint filed on November 5, 2015, being represented by counsel in that case from November 24, 2015, through September 15, 2016, and the transfer occurring only three weeks before the Court entered the Stipulated Consent Judgment against LXE and Batchelor. *See* Par. 16, *supra.*

35. Executed a Corrected Quit Claim Deed conveying the Property to Cook for $10.00 on July 25, 2016, which was the same day as the submission of the Joint Motion for Order for Entry of Stipulated Consent Judgment (approved and jointly submitted by Batchelor's counsel and the United States) and four days before the Court entered the Stipulated Consent Judgment in *LXE Counseling*. *See* Par. 17, *supra.*

36. LXE and Batchelor were insolvent or became insolvent shortly after the transfers described in Paragraphs 16 and 17 were made or the obligation was incurred.

37. The transfers described in Paragraphs 16 and 17 occurred shortly before LXE and Batchelor incurred a substantial debt.

### COUNT II: CONSTRUCTIVE FRAUD UNDER THE FDCPA
### 28 U.S.C. §§ 3304(b)(1)(B) and 3306

38. The United States incorporates by this reference the above Paragraphs 1 through 37 as if fully set forth herein.

39. The transfers described in Paragraphs 16 and 17 were in fraud of the United States. 28 U.S.C. § 3304(b)(1)(B).

40. LXE and Batchelor made the transfers described in Paragraphs 16 and 17 without receiving reasonably equivalent value in exchange for the transfers.

41. When LXE and Batchelor transferred the Property to Cook, as described in Paragraphs 16 and 17, they believed or reasonably should have believed that it would incur debts beyond their ability to pay as they became due.

42. The transfers described in Paragraphs 16 and 17 were fraudulent to the United States in that they were made without consideration at a time when LXE and Batchelor were insolvent or were rendered insolvent by the debt they incurred to the United States.

### COUNT III: ACTUAL FRAUD UNDER THE OFTA
### Tit. 24, Okla. Stat. §§ 116(A)(1) and 119

43. The United States incorporates by this reference the above Paragraphs 1 through 42 as if fully set forth herein.

44. The transfers described in Paragraphs 16 and 17 were fraudulent as to the United States in that the transfers were made with actual intent to hinder, delay, or defraud the United States. Okla. Stat. tit. 24, § 116(A)(1).

45. LXE and Batchelor transferred the Property, as described in Paragraphs 16 and 17, to an insider, who is not a good faith purchaser for a fair market value.

46. Before LXE and Batchelor transferred the Property to Cook, LXE and Batchelor had been sued or threatened with suit.

9

47. The transfer of the Property from LXE and Batchelor to Cook occurred shortly before LXE and Batchelor incurred a substantial debt.

48. LXE and Batchelor were insolvent or became insolvent shortly after the transfer was made or obligation incurred.

### COUNT IV: CONSTRUCTIVE FRAUD UNDER THE OFTA
### Tit. 24, Okla. Stat. §§ 116(A)(2) and 119

49. The United States incorporates by this reference the above Paragraphs 1 through 48 as if fully set forth herein.

50. The transfers described in Paragraphs 16 and 17 were in fraud of the United States. Okla. Stat. tit. § 116(A)(2).

51. LXE and Batchelor made the transfers described in Paragraphs 16 and 17 without receiving a reasonably equivalent value in exchange for the transfers.

52. When LXE and Batchelor transferred the Property to Cook, as described in Paragraphs 16 and 17, they believed or reasonably should have believed that they would incur debts beyond their ability to pay as they became due.

### PRAYER FOR RELIEF

WHEREFORE, the United States respectfully prays that judgment be entered in favor of the United States and against the Defendants as follows:

A. On Count I (Federal Debt Collection Procedures Act – Actual Fraud), judgment in favor of the United States, and against Defendants LXE, Batchelor and Cook, avoiding the fraudulent transfer of the Property to Cook;

B.	On Count II (Federal Debt Collection Procedures Act – Constructive Fraud), judgment in favor of the United States, and against Defendants LXE, Batchelor and Cook, avoiding the fraudulent transfer of the Property to Cook;

C.	On Count III (Oklahoma Uniform Fraudulent Transfer Act – Actual Fraud), judgment in favor of the United States, and against Defendants LXE, Batchelor and Cook, avoiding the fraudulent transfer of the Property to Cook;

D.	On Count IV (Oklahoma Uniform Fraudulent Transfer Act – Constructive Fraud), judgment in favor of the United States, and against Defendants LXE, Batchelor and Cook, avoiding the fraudulent the transfer of the Property to Cook;

E.	For all costs and attorneys' fees of this civil action; and

F.	For such other relief as this Court deems just and equitable.

Dated: March 14, 2017

Respectfully submitted,

MARK A. YANCEY
United States Attorney

/s/ *WILSON D. McGARRY*
WILSON D. McGARRY
Assistant U.S. Attorney
Oklahoma Bar No. 31146
210 Park Ave., Suite 400
Oklahoma City, OK 73102
Telephone: (405) 553-8700
Telecopier: (405) 553-8885
E-mail: wilson.mcgarry@usdoj.gov